IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                            ORDER

      v.                                   02-CR-26-C-01

WILLIAM W. WADE
a/k/a "Will"

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of William W. Wade's supervised release was held on May 14, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Robert C. Anderson. Defendant was present in person and by counsel, Erika L. Bierma. Also present was Senior United States Probation Officer Helen Healy Raatz.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 2, 2002, following his conviction for distribution of more than five grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B

felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, with a 60-month term of supervised release to follow. On December 6, 2002, defendant's custody portion of his sentence was amended to 92 months' imprisonment. All other aspects of the sentence remained the same.

Defendant began his term of supervised release on March 13, 2008. He violated mandatory, standard, and special conditions requiring abstinence from illegal drug use when he submitted urine specimens testing positive for marijuana on September 30, October 9, and October 15, 2008, and on January 29, February 12, April 14, and April 29, 2009. He violated Special Condition No. 3, requiring participation in substance abuse treatment when he failed to attend treatment sessions on April 23 and May 1, 2009.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines gives the court discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation. 18 U.S.C. § 3583(g) requires revocation of supervision if, as part of a drug testing program, defendant tested positive for illegal controlled substances more than three times over the course of one year.

CONCLUSIONS

Defendant has struggled with marijuana addiction but has been unable to abstain

2

from illegal drug use. He has participated in individual and group substance abuse treatment but requires a more intensive residential treatment program.

Defendant's criminal history category is V. With Grade C violations, defendant has an advisory guideline range of imprisonment of 7 to 13 months. The statutory maximum to which he can be sentenced upon revocation is 36 months pursuant to 18 U.S.C. § 3583(e)(3), which limits to three years the sentence that can be imposed on a person whose term of supervised release is revoked if the offense for which the person was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the advisory guideline range. A short custody sentence paired with a residential treatment placement will protect the community from any further criminal activity by defendant and provide him an opportunity for inpatient treatment.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 2, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 3 months. A sentence below the policy guideline imprisonment range is warranted because defendant's treatment needs can be better served in the

3

community in a treatment center. A 57-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of the following special conditions:

Special Condition No. 6:

> Defendant shall spend up to 120 days in a residential re-entry center at Schwert House, 3501 Kipling Drive, Madison, Wisconsin, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. He shall spend the first 28 days in inpatient treatment. Defendant may be absent from the center for employment purposes and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer;

Special Condition No. 7:

> Defendant shall participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider. Defendant shall be required to obtain his own funding for services.

> Defendant does not have the financial means or earning capacity to pay the cost of

4

his incarceration.

Entered this 14th day of May 2009.

BY THE COURT:

_/s/_____
BARBARA B. CRABB
Chief District Judge